In re: **FLORIDA PEACH CORPORATION OF AMERICA, INTERNATIONAL DIVISION, Debtor.**

Bankruptcy No. 86–1251–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 17, 1988.

See also, Bkrtcy., 63 B.R. 833 and Bkrtcy., 86 B.R. 267.

S. Thomas Padgett, Tampa, Fla., for debtor.

Jeff Warren, Tampa, Fla., for Elias Moron Arosemena, Curador.

Lynne England, Tampa, Fla., Asst. U.S. Trustee.

ORDER ON APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND OBJECTIONS TO PAYMENT OF SAME

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 11 case in which the plan of reorganization has yet to be confirmed. The matter under consideration is an Application for Allowance of Administrative Expense filed by Elias Moran Arosemena (Dr. Arosemena) as Curador of Florida Peach Corporation of America, International Division and Objections to the Application of Dr. Arosemena. The Objection is filed by the Debtor, Maxwell Wells, Trustee and Robert Lurie, principal of the Debtor. In its Application, Dr. Arosemena seeks an allowance to be charged as cost of administration pursuant to § 503 of the Bankruptcy Code, in the sum of $204,-607.74. The amount sought is broken down into two items. The sum of $114,-626.00 represents expenses allegedly incurred by Dr. Arosemena for legal fees owed to the law firm of Smith and Hulsey.

The balance of the Application relates to legal services rendered by the law firm of Bush, Ross, Gardner, Warren and Rudy in connection with the firm's representation of Dr. Arosemena in the case of International Food Corporation (IFC), a related Chapter 11 case still pending in this Court, and also in conjunction with this current Chapter 11 case. The facts which are without dispute and germane to the Application under consideration can be summarized as follows:

Florida Peach Corporation of America, International Division (FPCAID), a Panamanian Corporation, was involved and is still involved as a Debtor in an involuntary bankruptcy in the Republic of Panama since February 3, 1982. In connection with the Panamanian bankruptcy, Dr. Arosemena was appointed as Curador (i.e. Trustee) for the estate of FPCAID. On May 4, 1982, International Food Corporation of America,S.A. a second Panamanian Corporation, (IFC), filed a voluntary petition for relief under Chapter 11 in the Middle District of Florida, Tampa Division. On May 24, 1982, Dr. Arosemena appeared in the case of IFC as a foreign representative of FPCAID and filed a Petition to Commence a Case Ancillary to Foreign Proceedings, pursuant to § 304 of the Bankruptcy Code, in the Middle District of Florida, Jacksonville Division, Case No. 82–3040–A in order to pursue certain adversary proceedings against the Debtor. An Order for Relief was entered on October 14, 1982, and on November 19, 1982, Dr. Arosemena filed a Motion in this Court seeking to intervene in an adversary proeeeding styled *International Food Corporation of America, S.A., vs. United States of America, et al,* Adversary Case No. 82–0702, an adversary proceeding commenced in the Tampa Division IFC case. The Motion was filed pursuant to Bankruptcy Rule 7024, at that time Rule 724, in which Dr. Arosemena asserted that under Panamanian Law the Curador was the legal representative of FPCAID and the creditors of that corporation and sought the recovery of assets of FPCAID which were claimed to have been fraudulently transferred to IFC by the principal Robert Lurie, who was and still is the principal of both corporations. On December 15, 1982, Judge Proctor entered an Order transferring the Jacksonville Chapter 11 case of IFC to the Tampa Division, and on March 1, 1983, this Court entered an Order which dismissed the case stating that the ancillary proceeding was no longer necessary because this Court had permitted Dr. Arosemena to intervene in an adversary proceeding which was instituted in the case of International Food filed in the Tampa Division of the Middle District.

The legal services to Dr. Arosemena were rendered by two law firms, neither of which was authorized by this Court to be retained. Obviously all these services were rendered to Dr. Arosemena by the two law firms prior to the commencement of this Chapter 11 case which was filed on April 3, 1986. The Application is challenged by several parties, primarily on the basis that the requested fees clearly represent services rendered by professionals to Dr. Arosemena, a creditor, prior to the commencement of the current Chapter 11 case. These objections are indeed well taken as the incurred fees obviously were not actual and necessary costs and expenses incurred in connection with the preservation of the assets of this estate during the pendency of the case.

This leaves for consideration, therefore, the question whether or not it is proper to charge this particular estate for the attorney fees pursuant to § 503(b)(3)(D), which provides as follows:

§ **503. Allowance of administrative expenses** (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribu-

tion in a case under Chapter 9 or 11 of this title ...

The Court has heard argument of counsel for Dr. Arosemena and the objecting parties, has considered the Application together with the record and is satisfied that while the claim of Dr. Arosemena against this estate may be properly allowed as an unsecured claim, the same cannot be charged as a cost of administration of this estate for several reasons. First, all these services were rendered to Dr. Arosemena prior to the commencement of the current Chapter 11 case. Second, the expenses sought to be reimbursed are payments of legal fees to counsel who were never authorized to be employed by this Court in this particular case and, therefore, under the appropriate Section of 503 and as provided for by § 330 of the Bankruptcy Code, no such fee could be allowed as charged under § 503 as costs of administration and accorded a first priority under § 507(a)(1).

Moreover, it is clear that Dr. Arosemena and the attorneys who represented him at that time did not act on behalf of the entire estate, but they represented only the particular creditors who are involved in the Panamanian Bankruptcy Case, as distinguished from the entire estate of FPCAID as exists in this Court.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Application be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Opposition to Application for Allowance of Administrative Expense treated as an Objection filed by Maxwell Wells, as Trustee, be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Motion Against Payment of Any Funds to Curador Arosemena, treated as an Objection filed by Robert Lurie, be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DECREED that the Response to Application for Allowance of Administrative Expense,

treated as an Objection filed by the Debtor, be, and the same is hereby, sustained.